UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT DAVID CONNER,

    Petitioner,

        v.          CAUSE NO. 3:24-CV-706-PPS-JEM

WARDEN,

    Respondent.

## OPINION AND ORDER

Robert David Conner, a prisoner without a lawyer, filed a habeas petition challenging a disciplinary decision at the New Castle Correctional Facility in which a disciplinary hearing officer found him guilty of battery in violation of Indiana Department of Correction Offense 102. Following a hearing, he was docked ninety days earned credit time and was demoted in credit class. The parties dispute whether Conner has properly exhausted his administrative appeals in connection with this disciplinary decision. But because he loses on the merits anyway, I will not consider the exhaustion argument.

Conner argues that he is entitled to habeas relief because correctional staff denied his request to present evidence, including statements from Inmate Pierce and the Commissioner of the Indiana Department of Correction. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to

refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.*

First, Pierce did "testify" in a sense. The record includes a statement from Pierce in which he represented that the battery victim acted as the aggressor and that Conner did not spit on the victim. [DE 6-7]. Conner contends that a correctional officer called Pierce a "snitch" for providing a statement, but this purported remark did not prevent Pierce from providing a statement favorable to Conner's defense and does not appear to have affected the outcome of the hearing. *See Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (applying harmless error analysis to a prison disciplinary proceeding); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (same).

As for the failure to allow Conner to call the IDOC Commissioner, there is no indication that the Commissioner had any personal knowledge of the battery incident. That's hardly surprising given the breadth of the Commissioner's responsibilities. It would be unusual and likely inappropriate for the head of a State department to offer her opinion at an administrative hearing rather than through her office's role in the administrative appeal process as contemplated by the disciplinary policy. [DE 6-13 at 10-11]. The hearing officer thus did not act unreasonably in denying the request for a statement from the Commissioner. Therefore, the claim that Conner was not allowed to present evidence is not a basis for habeas relief.

Conner also contends that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker. He tells me the hearing officer

2

demonstrated "improper bias" by refusing to consider his hearing statement and by fabricating a video recording summary. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id* at 667.

There is no indication that the hearing officer was involved in the underlying incident. Further, the hearing report includes Conner's hearing statement and expressly indicates that the hearing officer considered it. [DE 6-5]. Additionally, the video recording summary is consistent with the video recording itself, which I have carefully reviewed. [DE 6-6; DE 12]. To Conner's point, the video recording summary includes no description of the battery incident, but the battery incident was not visible in the video recording.

Conner also suggests that the hearing officer did not consider the video evidence because he did not list it on the hearing report form. However, the hearing officer prepared the video recording summary just days before the hearing. [DE 6-5; DE 6-6]. And even assuming the hearing officer overlooked the video evidence on the hearing date, it is unclear how it would have affected the outcome of the hearing or demonstrated improper bias given that the video evidence was incriminating rather than exculpatory. [DE 6-1l; DE 6-6]. Moreover, while the hearing officer ultimately found Conner guilty, adverse rulings alone are insufficient to demonstrate improper

3

bias. *Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015). As a result, the claim of improper bias is not a basis for habeas relief.

Conner also filed a motion to strike the affidavits submitted by the Warden on the basis that they do not include the phrase "under penalty of perjury." [DE 17]. The Warden filed affidavits from two correctional officials to support his response to the habeas petition. [DE 6-11; DE 6-14]. I "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). However, motions to strike are disfavored and will generally be denied unless the portion of the pleading at issue is clearly prejudicial and of no possible relevance to the controversy at issue. *Heller v. Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir.1989); *Tektel, Inc. v. Maier*, 813 F.Supp. 1331, 1334 (N.D. Ill. 1992). Prejudice results, for instance, where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party. *Cumis Ins. Soc., Inc. v. Peters*, 983 F.Supp. 787, 798 (N.D. Ill. 1997).

These affidavits pertain to the administrative appeal process, the evidentiary requests, and the disciplinary hearing, so they are not entirely irrelevant to the claims in this case. Further, I did not materially rely on these affidavits in resolving the habeas petition, so they did not prejudice Conner. Therefore, the motion to strike is denied.

Because Conner has not asserted a valid claim for habeas relief, the habeas petition is denied. If Conner wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v.*

4

*Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the Court:

(1) **DENIES** the motion to strike [DE 17];

(2) **DENIES** the habeas corpus petition [DE 1];

(3) **DIRECTS** the Clerk to enter judgment and close this case; and

(4) **DENIES** Robert David Conner leave to proceed in forma pauperis on appeal.

**SO ORDERED**.

ENTERED: January 13, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT